UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW LINE PRODUCTIONS, INC., et al.,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>PAULA DIXON,<br><br>　　　　Defendant. | 1:06-cv-01119-OWW-SMS<br><br>FINDINGS AND RECOMMENDATION RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (DOC. 12) |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(19) and 72-303.

Pending before the Court is Plaintiffs' motion for a default judgment against Defendant Paula Dixon, filed on December 14, 2006, including the application, a memorandum of law, declarations of Karen Thorland, Lauren Nguyen, and Thomas Carpenter, and a proposed order. By separate order the Court has vacated the hearing on the motion and has deemed the matter submitted to the Court for decision.

I. <u>Legal Standards on a Motion for Default Judgment</u>

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the

armed services where the claim is for an amount that is not certain on the face of the claim and where 1) the defendant has been served with the claim; 2) the defendant's default has been entered for failure to appear; 3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and 4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment include the nature and extent of the delay, <u>Draper v. Coombs</u>, 792 F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of plaintiff's substantive claim, <u>id.</u>; the sufficiency of the allegations in the complaint to support judgment, <u>Alan Neuman Productions, Inc.</u>, 862 F.2d at 1392; the amount in controversy, <u>Eitel v. McCool</u>, 782 F.2d at 1471-1472; the possibility of a dispute concerning material facts, <u>id.</u>; whether the default was due to excusable neglect, <u>id.</u>; and the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, <u>id.</u>

    A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392. Thus, well pleaded factual allegations, except as to damages, are

taken as true; however, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default. Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. av. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

   II. Service, Entry of Default, Notice, and Status of Defendant

The sworn proofs of service reflect that on September 15, 2006, the summons and complaint were served personally on Defendant Paula Dixon. (Docs. 7, 9.) On October 11, 2006, Plaintiffs sent Defendant a letter advising her that she was in default and that if she failed to answer, a default judgment would be enforced against her. Defendant did not respond to the letter. (Decl. of Karen R. Thorland ¶ 11.) Defendant failed to respond to the complaint, and pursuant to Plaintiffs' request, the Clerk entered default as to Defendant on November 28, 2006. According to the declaration of Karen R. Thorland, counsel for Plaintiffs, Defendant has not appeared in this action. (Id. ¶ 12.)

Further, the notice was adequate pursuant to Fed. R. Civ. P. 55(d) and 54(c), which require that a judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Plaintiffs expressly sought in the complaint the types of relief sought by the instant application for default judgment, including injunctive relief, actual or statutory damages at the election of Plaintiffs, costs, and attorneys' fees. (Compl. at p. 4.) The failure to allege a specific sum in the complaint does not prevent entry of a default

judgment for a certain sum or a sum that can be made certain where appropriate notice has otherwise been given. See <u>Appleton Elec. Co. v. Graves Truck Line</u>, 635 F.2d 603, 611 (7th Cir. 1980). Thus, the Court finds that Plaintiffs gave adequate notice of their claim in an amount that includes the amount that is recommended to be awarded.

Finally, in the declaration, Thorland states that she has no reason to believe that Defendant is an infant or incompetent or is in the military service. (Decl. ¶ 13.) Thus, it does not appear that a default judgment would be inappropriate with respect to Defendant Paula Dixon.

III. <u>Legal Sufficiency of the Complaint</u>

An infringer of copyright is liable for actual damages and any additional profits of the infringer attributable to the infringement. 17 U.S.C. § 504(a). An infringer is anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 118. 17 U.S.C. § 501(a). Copyright protection subsists in original works of authorship, including pictorial and graphic works. 17 U.S.C. § 102. The owner of a copyright has the exclusive rights to perform or authorize the reproduction of the copyrighted work in copies, prepare derivative works based on the copyrighted work, distribute copies to the public by sale or other transfer of ownership, and display the copyrighted work publicly. 17 U.S.C. § 106.

Thus, to prevail on a claim for infringement of copyright under 17 U.S.C. § 501, Plaintiffs must establish that Defendant violated an exclusive right of the copyright owner as provided in 17 U.S.C. §§ 106, 501(a). <u>Elektra Entertainment Group Inc. v.</u>

4

1  Crawford, 226 F.R.D. 388, 392-93 (C.D.Cal. 2005). This means that
2  to establish a prima facie case of direct infringement,
3  Plaintiffs must show 1) ownership of the allegedly infringed
4  material, and 2) the infringer's violation of at least one
5  exclusive right granted to copyright holders under 17 U.S.C. §
6  106. Marder v. Lopez, 450 F.3d 445, 453 (9th Cir. 2006).
7      Here, Plaintiffs alleged that Plaintiffs, and each of them,
8  owned the copyrights and/or the pertinent exclusive rights under
9  copyright law in the United States in the motion picture works,
10 including Elf, National Treasure, The Forgotten, The Incredibles,
11 Garden State, and The Chronicles of Riddick; each picture was the
12 subject of a valid certificate of copyright registration. (Cmplt.
13 pp. 2-4, Ex. A.) Plaintiffs also alleged that each of the
14 copyrighted motion pictures in question contained a copyright
15 notice advising the viewer that it was protected by copyright
16 laws. (Cmplt. p. 4.) Plaintiffs then alleged that without
17 Plaintiffs' permission or consent, Defendant used on or about
18 January 9, 12, 30, and 31, 2005, and continues to use, an online
19 media distribution system to distribute the films to the public,
20 including by making them available for distribution to others,
21 and has thereby violated Plaintiffs' exclusive rights of
22 reproduction and distribution and has committed infringement of
23 Plaintiffs' rights under the Copyright Act of 1976, 17 U.S.C. §
24 101 et seq. (Cmplt. p. 4.) Plaintiffs further allege expressly
25 that the acts of infringement were willful, intentional, and with
26 disregard and indifference for Plaintiffs' rights. (Id.)
27     Accordingly, Plaintiffs have adequately stated claims for
28 copyright infringement.

IV. <u>Discretionary Considerations</u>

Here, it does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the subject matter of the instant action. Further, there is no apparent likelihood of a dispute as to a material fact essential to the Plaintiffs' case. No just cause for delay appears. It is apparent from the declarations submitted to the Court that there is no basis to believe that Defendant is an infant, incompetent, or member of the armed services. There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

Accordingly, the Court finds that Plaintiffs have shown entitlement to a default judgment.

V. <u>Damages</u>

Plaintiffs request statutory damages in the amount of $6,000, consisting of $1,200.00 per infringement of each of the six motion pictures.

Title 17 U.S.C. § 504 provides in pertinent part:

> (a) **In General**. Except as otherwise provided by this title, an infringer of copyright is liable for either--
>
> > (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or
> >
> > (2) statutory damages, as provided by subsection (c).
>
> ....
>
> (c) Statutory Damages.--
>
> > <u>(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered,</u>

6

> to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
>
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200. The court shall remit statutory damages in any case where an infringer believed and had reasonable grounds for believing that his or her use of the copyrighted work was a fair use under section 107, if the infringer was: (i) an employee or agent of a nonprofit educational institution, library, or archives acting within the scope of his or her employment who, or such institution, library, or archives itself, which infringed by reproducing the work in copies or phonorecords; or (ii) a public broadcasting entity which or a person who, as a regular part of the nonprofit activities of a public broadcasting entity (as defined in subsection (g) of section 118) infringed by performing a published nondramatic literary work or by reproducing a transmission program embodying a performance of such a work. (Emphasis added.)

A district court has wide discretion in determining the amount of statutory damages to be awarded and should consider what is just in the particular case in light of the nature of the copyright, the circumstances of the infringement, and other relevant circumstances. Los Angeles News Service v. Reuters Television

1  International, Ltd., 149 F.3d 987, 996 (9th Cir. 1998). The
2  statutory damages serve both compensatory and punitive purposes,
3  so in order to effectuate the statutory policy of discouraging
4  infringement, recovery of them is permitted even absent evidence
5  of the actual damages suffered by the plaintiff or of the profits
6  reaped by the defendant. Id.

7  Here, based on data received by MediaSentry, a provider of
8  anti-piracy services, Plaintiffs have learned that Defendant
9  illegally downloaded, and offered for potentially tens of
10 thousands of others to download, six motion pictures. (Decl. of
11 Lauren Nguyen ¶¶ 3-4; Decl. of Thomas Carpenter ¶¶ 3-6.)
12 Plaintiffs have established that six different moving pictures
13 were distributed by Defendant. Three of the films (The Forgotten,
14 National Treasure, and The Incredibles) were either still in
15 motion picture theaters and/or had not been released on DVD/home
16 video at the time of infringement. (Decl. of Lauren Nguyen ¶ 5.)
17 Combined with the copyright notices included in each of the
18 moving pictures, this establishes the willfulness of the
19 violation. A shared directory (i.e., a listing of files on
20 Defendant's computer available for download by others) revealed
21 that Defendant was distributing as many as eighteen additional
22 motion pictures to which Plaintiffs or others hold rights to
23 exclusive distribution. (Carpenter Decl. ¶ 6.) Further, Defendant
24 did not simply download Plaintiffs' motion pictures for herself
25 and thereby deprive Plaintiffs of the sale of a few motion
26 picture tickets, DVD's, or motion picture rentals; rather,
27 Plaintiffs' pictures were offered via P2P networks to potentially
28 thousands of others. (Decl. of Nguyen ¶ 9.) Plaintiffs further

8

suffered an expense of approximately $3,000 to $5,000 for retaining MediaSentry to detect the unauthorized distribution and for initiating a "John Doe" lawsuit to ascertan Defendant's identity through expedited discovery. (Decl. of Thorland ¶¶ 5-8, Nguyen Decl. ¶ 11.) The Court further considers the fact that copyright relates to a motion picture, a genre which is exponentially more expensive to produce than a single song, for example. See, Peer International Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1337 (9th Cir. 1990) (considering the compulsory nature of the licenses in question).

Considering all of the pertinent circumstances as demonstrated by the declarations and attachments submitted by Plaintiffs, the Court concludes that $6,000.00 in damages for the multiple infringements is just and reasonable.

VI. Injunctive Relief

Plaintiffs request an order permanently enjoining Defendant from infringing any of Plaintiffs' copyrights, now existing or later granted.

Title 17 U.S.C. § 502 states:

> (a) <u>Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.</u>
> (b) Any such injunction may be served anywhere in the United States on the person enjoined; it shall be operative throughout the United States and shall be enforceable, by proceedings in contempt or otherwise, by any United States court having jurisdiction of that person. The clerk of the court granting the injunction shall, when requested by any other court in which enforcement of the injunction is sought, transmit promptly to the other court a certified copy of all the papers in the case on file in such clerk's office (emphasis added).

9

As a general rule, absent a great public injury, a permanent injunction will be granted when liability has been established and there is a threat of a continuing violations. <u>Cadence Design Systems, Inc. v. Avant! Corp.</u>, 125 F.3d 824, 829 (9th Cir. 1997); <u>MAI Systems Corp. v. Peak Computer, Inc.</u>, 991 F.2d 511, 520 (9th Cir. 1993) (issuing an injunction against further infringement of protected software rights where the plaintiff demonstrated that the defendant had computers in its loaner inventory with the protected software on it). Generally a party seeking a preliminary injunction must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor; however, because in a copyright infringement claim a showing of a reasonable likelihood of success on the merits raises a presumption of irreparable harm, a plaintiff need only show a likelihood of success on the merits to obtain a preliminary injunction. <u>Micro Star v. Formgen, Inc.</u>, 154 F.3d 1107, 1109 (9th Cir. 1998). Here, Plaintiffs have already shown actual success on the merits because their complaint states a claim for infringement, and Defendant has defaulted; further, Plaintiffs have alleged that unless restrained, Defendant will continue to cause irreparable injury for which there is no full monetary compensation. (Cmplt. pp. 4-5.) This is sufficient for a permanent injunction. <u>Sony Music Entertaniment, Inc. v. Global Arts Productions</u>, 45 F.Supp.2d 1345, 1347 (S.D.Fla. 1999). An injunction against further infringement and even infringement of future works is permitted, and it is appropriate to grant an injunction on an application

for default judgment. <u>Princeton University Press v. Michigan Document Services, Inc.</u>, 99 F.3d 1381, 1392-93 (6th Cir. 1996) (noting that an injunction of works copyrighted in the future is supported by the weight of authority); <u>Elektra Entertainment Group Inc. v. Crawford</u>, 226 F.RD. 388, 393-94 (C.D.Cal. 2005) (granting final injunction on default judgment to enjoin defendant from directly or indirectly infringing plaintiffs' rights under federal or state law in copyrighted recordings, whether then in existence or later created, where requested terms of injunction were the same as those prayed for in complaint, proposed injunctive relief was appropriate, the plaintiffs sent two letters to defendant before plaintiffs sought entry of default which warned of default judgment, defendant failed to respond to serious claims brought against him despite receiving adequate notice, and failure to grant injunction would have resulted in plaintiffs' continued exposure to harm with no method of recourse). If infringement is established, then it is appropriate as part of a final judgment to order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights and of all other articles by means of which such copies might be reproduced. 17 U.S.C. § 503(b).

    Here, Plaintiffs alleged that Defendant infringed in the past and willfully continues to use the on-line distribution system to distribute to the public the obviously copyrighted films and thereby is causing irreparable injury that cannot be measured or compensated in money. Further, it is alleged that Plaintiffs have no adequate remedy at law.

1  Plaintiffs pray for entry of preliminary and permanent
2 injunctions that provide that Defendant shall be enjoined from
3 directly or indirectly infringing the Plaintiffs' rights in the
4 copyrighted motion pictures and any motion picture, whether now
5 in existence or later created, that is owned or controlled by the
6 Plaintiffs (the Plaintiffs' motion pictures), including without
7 limitation by using the Internet to reproduce or copy any of the
8 Plaintiffs' motion pictures, to distribute any of the Plaintiffs'
9 motion pictures, or to make any of the Plaintiffs' motion
10 pictures available for distribution to the public, except
11 pursuant to a lawful license or with the express authority of the
12 Plaintiffs; Defendant shall also destroy all copies of the
13 Plaintiffs' motion pictures that Defendant has downloaded on to
14 any computer hard drive or server without the Plaintiffs'
15 authorization and shall destroy all copies of those downloaded
16 motion pictures transferred onto any physical medium or device in
17 Defendant's possession, custody, or control. (Cmplt. p. 4.)
18  Here, the requested terms of injunction are the same as
19 those prayed for in complaint. Defendant's lack of intent to
20 comply with the copyright restrictions is demonstrated by the
21 Defendant's failure to reply to the letter that Plaintiffs sent
22 to the Defendant which warned of enforcement of a default
23 judgment, and by Defendant's further failure to respond to
24 serious claims brought against her despite receiving adequate
25 notice. It appears that the failure to grant the requested
26 injunction would result in Plaintiffs' continued exposure to harm
27 with no method of recourse. There does not appear to be any
28 public injury that would result from issuance of the injunction.

Accordingly, the Court concludes that the proposed injunctive relief is appropriate.

However, the injunctive relief sought is too broad. Generally an injunction must be narrowly tailored to remedy only the specific harms shown by the plaintiffs rather than to enjoin all possible breaches of the law; injunctive relief concerning a copyright will be limited to works that infringe on the Plaintiffs' copyright. Iconix, Inc. v. Tokuda, 457 F.Supp.2d 969, 998-1002 (N.D.Cal.2006) (preliminary injunction in copyright case). Further, it is established that every order granting an injunction shall set forth the reasons for its issuance; shall be specific in its terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise. Fed. R. Civ. P. 65(d). Even without objections by a party, a court has an independent duty to assure that an injunction is specific in its terms and describes in reasonable detail the acts sought to be restrained. See, EFS Marketing, Inc. v Russ Berrie & Co., 76 F.3d 487, 493-94 (2nd Cir. 1996); 4 Nimmer on Copyright, § 14.06(C) (2006).

Here, the injunction sought would enjoin infringement not only of copyrighted motion pictures, but also of any motion picture, whether now in existence or later created, that is owned or controlled by Plaintiffs. Thus, it would include works that

13

are not copyrighted. This exceeds the scope of the infringement, which was limited to copyrighted works.

Accordingly, this aspect should be eliminated from the injunctive relief sought.

VII. Attorney's Fees and Costs

Plaintiffs seek $1,346.54 in attorney's fees and costs.

Title 17 U.S.C. § 505 states:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

Under this provision, attorney's fees are to be awarded to prevailing parties in the court's discretion after consideration various factors, including but not limited to frivolousness, motivation, objective unreasonableness (both as to legal and factual components of the case), culpability, the degree of success obtained, the strength of the case relative to the costs of the litigation, the pecuniary circumstances of the parties, and the need in the particular circumstances of the case to advance considerations of compensation and deterrence; the award should further the underlying purposes of the Copyright Act. Fogerty v. Fantasy, Inc., 510 U.S. 517, 535 n. 19 (1994); Fantasy, Inc. v. Fogerty, 94 F.3d 553, 557-60 (9th Cir. 1996). The objectives of the Copyright Act include discouraging infringement and increasing public exposure to a creative work. Fantasy, Inc. v. Fogerty, 94 F.3d at p. 559. A court has the discretion to award interest on the fees. See, Fantasy, Inc. v. Fogerty, 94 F.3d at p. 561.

14

Here, an award of attorney's fees would further the deterrent and compensatory purposes of the act and would reward successful handling of the litigation.

Attorney's fees are sought in the amount of $453.58, representing 5.90 hours at a fifteen per cent discount of the hourly rate of $131.00; the tasks performed include preparing the complaint, the default warning letter, and the request to enter default and declarations. (Decl. of Thorland, Ex. 5.) However, reference to the billing statements reveals that the attorney's fees reflected in those statements amount to $861.40 (without a discount, and including in addition the 5.90 hours of Loeb and Loeb .30 of an hour spent by Baker, Manock and Jensen in the amount of $88.50).

Further, with respect to costs, Plaintiffs seek costs in the amount of $892.96, consisting of filing fees, fees for service of process, photocopies, computer research, and telephone and postage charges. However, the billing statements for the costs and expenses reveal only a total of $453.58 (the amount of attorney's fees requested. (Decl. of Thorland, Ex. 5.)

Accordingly, it appears that Plaintiffs are entitled to attorney's fees of $732.19. However, with respect to costs, it appears that Plaintiffs are entitled only to costs of $453.58.

VII. <u>Recommendation</u>

Accordingly, it IS RECOMMENDED that

1) Plaintiffs' motion for default judgment against Defendant Paula Dixon BE GRANTED; and

2) The Clerk BE DIRECTED to enter judgment in favor of Plaintiffs and against Defendant Paula Dixon in the amount of

15

1  $6,000.00 in statutory damages, $732.19 in attorney's fees, and
2  $453.58 in costs; and

3       3) The Clerk BE DIRECTED to enter a judgment in favor of
4  Plaintiffs, and against Defendant Paula Dixon, that enjoins
5  Defendant from further copyright infringement as follows:

6       Defendant shall be enjoined from directly or indirectly
7  infringing the Plaintiffs' rights in the copyrighted motion
8  pictures and any copyrighted motion picture, whether now in
9  existence or later created, that is owned or controlled by the
10 Plaintiffs (the Plaintiffs' motion pictures), including without
11 limitation by using the Internet to reproduce or copy any of the
12 Plaintiffs' motion pictures, to distribute any of the Plaintiffs'
13 motion pictures, or to make any of the Plaintiffs' motion
14 pictures available for distribution to the public, except
15 pursuant to a lawful license or with the express authority of the
16 Plaintiffs; Defendant shall also destroy all copies of the
17 Plaintiffs' motion pictures that Defendant has downloaded on to
18 any computer hard drive or server without the Plaintiffs'
19 authorization and shall destroy all copies of those downloaded
20 motion pictures transferred onto any physical medium or device in
21 Defendant's possession, custody, or control.

22      This report and recommendation is submitted to the United
23 States District Court Judge assigned to the case, pursuant to the
24 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
25 Local Rules of Practice for the United States District Court,
26 Eastern District of California. Within thirty (30) days after
27 being served with a copy, any party may file written objections
28 with the Court and serve a copy on all parties. Such a document

should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     February 27, 2007              /s/ Sandra M. Snyder**
icido3                           UNITED STATES MAGISTRATE JUDGE